UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DUSTIN WILLIAM TOMASZYCKI,

        Plaintiff,

v.

UNKNOWN AVILA et al.,

        Defendants.
_____/

Case No. 1:18-cv-481

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against the only remaining defendant, Defendant Avila, for failure to state a claim.

## Discussion

### I.    Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at Saginaw Correctional Facility (SRF) in Freeland, Saginaw County, Michigan. The

events about which he complains, however, occurred at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan, and at the Lapeer County Circuit Court.

Plaintiff originally filed his action in the Eastern District of Michigan, naming the following Defendants: LCF Correctional Officer (unknown) Avila; former Lapeer County Prosecutor Timothy Turkelson; and retired 67th District Court Judge John L. Conover, who was presiding by appointment in the Lapeer County Circuit Court. In an opinion and order issued on April 19, 2018 (ECF No. 7), the Eastern District of Michigan dismissed Defendants Turkelson and Conover, because both were immune from suit based on the allegations of the complaint. The court transferred the remainder of the action to this Court, where venue was proper.

Plaintiff alleges that, on June 23, 2015, he was scheduled to appear for a jury trial in the Lapeer County Circuit Court on several counts of first-degree criminal sexual conduct (CSC I). Plaintiff alleges that he was representing himself in the proceedings. He complains that he was awakened at 4:30 a.m. to be transported to the court for trial. Despite advising Defendant Avila that he was representing himself at trial and that he required his legal materials for that representation, Defendant Avila refused to allow him to bring those materials with him.[1]

Plaintiff alleges that, on the first day of trial, he was deprived of his notes and prepared questions during the conduct of voir dire. He alleges that the trial court instructed correctional officers that they must assist Plaintiff to bring his legal materials on the remaining days of trial.[2] Plaintiff contends that not having his legal materials during voir dire violated his rights under the First and Fourteenth Amendments to access the courts. He also claims that

---

[1] In his dismissed claims, Plaintiff alleged that Defendant Turkelson did not seek a postponement of trial on Plaintiff's behalf, and that Defendant Conover refused to delay trial at Plaintiff's request.

[2] According to the decision of the Michigan Court of Appeals, Petitioner in fact "refused to participate in trial proceedings after jury selection, and he remained absent during the two-day trial." Mich. Ct. App. Op., Case No. 329224, http://publicdocs.courts.mi.gov/opinions/final/coa/20170404_c329224_53_329224.opn.pdf (last visited May 10, 2018).

Defendant Avila's actions constituted the common law torts of trespass and intentional infliction of emotional distress.

Plaintiff seeks declaratory relief, together with compensatory and punitive damages.

II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendant Avila denied him access to the courts by refusing to permit Plaintiff to bring his legal materials to his criminal trial, at which he was scheduled to represent himself. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. The right of access to the courts also prohibits prison officials from erecting barriers that may impede the inmate's access to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program

4

or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Here, Petitioner contends that his lack of legal materials resulted in actual injury to his ability to conduct voir dire in his criminal trial, and thereby impaired his ability to obtain an impartial jury and a fair trial in the Lapeer County Circuit Court. Plaintiff's attempt to obtain declaratory and monetary relief for the alleged constitutional violations is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).

Plaintiff's allegations clearly call into question the validity of his conviction. Plaintiff can only prove the actual injury necessary to his access-to-the-courts claim by proving

5

that his lack of notes hindered his ability to conduct voir dire and resulted in a biased jury. Voir dire is designed "to protect [the right to an impartial jury] by exposing possible biases, both known and unknown, on the part of potential jurors." *McDonough Power Equip., Inc. v. Greenwood,* 464 U.S. 548, 554 (1984). The denial of an impartial jury would violate both the Sixth Amendment's guarantee of an impartial jury and the right to a fair trial guaranteed by the Due Process Clause of the Fourteenth Amendment. *See Morgan v. Illinois*, 504 U.S. 727, 727 (1992); *Turner v. Louisiana*, 379 U.S. 466, 471-72 (1965); *Irwin v. Dowd*, 366 U.S. 717, 722 (1961). In other words, in order to show that Defendant Avila violated his right to access the courts, Plaintiff must show that his convictions were obtained in a trial before a biased jury – a claim that would call into question the validity of his conviction. Plaintiff's action therefore is barred under *Heck* until his criminal conviction has been invalidated.

A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same).

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that remaining Defendant Avila will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth,* 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no

6

good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   May 22, 2018              /s/ Paul L. Maloney
                                                                    Paul L. Maloney
                                                                    United States District Judge